# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3192 | **DATE** | 8/25/2000 |
| **CASE TITLE** | COLTEC INDUSTRIES, INC. vs. ZURICH AMERICAN INSURANCE CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant Zurich American Insurance Co.'s motion to dismiss plaintiff's complaint is hereby denied. [5-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 28 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | 23 |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 AUG 25 AM 9:38 | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

Minute Order Form (06/97)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**AUG 2 8 2000**

COLTEC INDUSTRIES, INC., )
)
Plaintiff, )
) NO. 99 C 3192
v. )
) Judge Ronald A. Guzman
)
ZURICH AMERICAN )
INSURANCE CO., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Pending is defendant Zurich American Insurance Company's ("Zurich") motion to dismiss plaintiff Coltec Industries, Inc.'s ("Coltec") complaint pursuant to Fed. R's. Civ. Proc. 12(b)(1) and 12(b)(6). For the reasons set forth below this motion is hereby denied (#5-1).

## BACKGROUND FACTS

On May 13, 1999, Coltec filed this lawsuit seeking a declaratory judgment that Zurich provide insurance coverage for over 2,000 asbestos claims arising out of the products and operations of its former Fairbanks Morse division.[1] From July 1959 to July 1965, Zurich issued six one-year primary CGL isnurance policies to Fairbanks Morse. The CGL policy is a standard, industry-wide form contract used by insureres to provide liability insurance to businesses in the United States from the 1940s to the 1980s. Like other CGL policies, the six Zurich policies were

---

[1]Although this cases is now consolidated with 99C1087 and 99C3929 at the time this motion to dismiss was filed it was not. Thus this court is issuing an opinion as to 99C3192 only.

1

written on an "occurrence" basis–i.e., they covered liability for bodily injury and property damage that occurred during the policy period. The policies provided up to $2 million in coverage for each "occurrence" resulting in bodily injury to third parties due to products manufactured or used by Fairbanks Morse.

By letter of May 13, 1999, Coltec notified Zurich of the underlying complaints and requested that Zurich provide a defense. Zurich then propounded extensive requests for information to which Coltec responded in July 1999, and again in October. After Coltec had been defending the asbsetos claims for nearly six months, Zurich informed Coltec that it would "participate" in Coltec's defense of only 92 of the 2,000 plus claims. This partial commitment was subject to a full reservation of rights and further conditioned on a "right to seek reimbursement for incurred defense costs should Coltec not be able to prove the terms of the policies." Meanwhile, Coltec continues to receive new asbestos claims arising out of Fairbanks Morse, and continues to incur substantial unreimbursed defense costs in connection with those claims.

## DISCUSSION

Zurich first argues that Coltec's complaint must be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(1) based upon its failure to allege a case or controversey sufficient to support this Court's subject matter jurisdiction. Because the motion challenges the sufficiency of the allegations of subject matter jurisdiction, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences. *See Freiburger v. Emery Air Charter, Inc.*, 795 F. Supp. 253, 256 (N.D. Ill. 1992). Zurich contends that Coltec's complaint contains no factual allegations supprting its assertion of a case or controversey, and most significantly does not

allege that Zurich has rejected coverage for the underlying asbestos claim. Zurich points out that Coltec filed this action on the same day Coltec first gave Zurich notice of the underlying asbestos claim that are the subject of this action.

Article III, § 2 of the Constitution extends the "judicial power of the United States only to "Cases" and "Controversies." We have always taken this to mean cases and controversies of the sort traditionally amenable to and resolved by the judicial process. *Muskrat v. United States,* 219 U.S. 346, 357, 31 S. Ct. 250, 254, 55 L. Ed. 246 (1911). So long as a complaint alleges a "real and substantial" dispute between parties "having adverse legal interests," and the dispute can be resolved through the issuance of declaratory relief, the complaint is justiciable. *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 240-41, 57 S.Ct.461, 81 L. Ed. 617 (1937). To demonstrate that an "actual controversy" exists under the case or controversy requirement of Article III, a party must show that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Nuclear Engineering Co. v. Scott,* 660 F. 2d 241, 252 (7th Cir. 1981) *cert. denied* 455 U.S. 993, 102 S. Ct. 1622, 71 L. Ed.2d 855.

Coltec's claim for declaratory relief in this asbestos coverage action satisfies the above standard. Coltec has alleged in its complaint that (1) Zurich is contractually obligated under the CGL policies it issued to Coltec's predeccessor, Fairbanks Morse, to defend Coltec in the underlying asbestos actions, which are proceedings and (2) Zurich disputes is obligations to defend those claims. It also now appears that the only way this dispute will be resolved is through the issuance of declaratory relief. To date, Zurich has propounded extensive requests for information as well as only committed to participate in the defense of 92 of the 2,000-plus

3

claims. The parties dispute over Zurich's obligation to honor its coverage pursuant to the terms of the CGL policies has been ongoing not only with respect to these claims but as to others. Zurich's immediacy argument, that it was denied an opporunity to investigate, is unpersauvie especially in light of the above facts as well as the undisputed fact that Coltec's defense costs continue to mount daily as to the claims Zurich has refused to defend. This situation is obviously much different from than in *Nuclear Engineering* where the complaint was based entirely upon an announcement that defendant intended at some future date to bring an action against NEC alleging violations of Illinois' environmental protections laws. *NEC* at 251. The Seventh Circuit concluded that *NEC* had failed to allege an immediate business injury to support its actual controversy argument. *Id.* In the instant case, Coltec has already been injured by being forced to defend the asbestos claims. Furthermore, in *Buckley v. County DuPage*, 1998 WL 832641 at *4-5 (N.D. Ill., 1998)(Judge Bucklo) the dispute over a carrier's defense obligations was considered a live controversy ripe for adjudication. As Judge Schmetterer noted in *Pettibone, et al., v. International Ins. Co.*, 121 B.R. 801 (N.D. Ill. 1990) "[t]he duty [to defend] rests on potential coverage of the loss, not actual coverage" citing *Murray Ohio Mftring Co. v. Continental Ins.*, 705 F. Supp. 442, 445 (N.D. Ill. 1989). Thus, where the insurance policy contains a defense obligation and "the insured has called upon the insurer to assume the defense that dispute is sufficiently immediate to allow the court to issue a declaration. *U.S. Fire Ins. Co., v. Beltman North American Co.*, 703 F. Supp. 681, 683 (N.D. Ill. 1988). Moreover, in *United States v. Conservation Chemical*, 653 F. Supp. 152 (W.D. Mo. 1986) the court held that an insurer's failure to provide an unreserved defense creates a concrete legal dispute that warrants declaratory relief. Therefore, Coltec's complaint sufficiently alleges a case or controvesey to

support this Court's subject matter jusidiction and dismissal pursuant ot Fed. R. Civ. P. 12(b)(1) is hereby denied.

Coltec's second argument contends that Coltec's complaint fails to state a claim upon which relief can be granted as it fails to allege the essential elements of anticipatory breach of contract. A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure does not test whether the plantiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim for which relief may be granted. *Gibson v. City of Chicago*, 910 F. 2d 1510, 1520-21 (7th Cir. 1990). The court must accept as true all of plaintiff's well-pleaded factual allegations, as well as all reasonable inferences. *Id.* Thus, the court will dismiss a complaint under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v.King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984).

Zurich argues that Coltec's complaint in this action, on its face, meets the standard for dismissal because Coltec has failed to establish that Zurich conveyed "an absolute and unequivocal refusal to perform or a clear indication of the inability to do so" as a necessary element of its anticipatory breach of contract claim. Zurich once again complains of its lack of opportunity to review Coltec's claims because this lawsuit against Zurich was commenced on the same day that Coltec was sued. Taking the allegations set forth in Coltec's complaint as true, Coltec's complaint states that Zurich has refused to acknowledge the existence and terms of the policies under which it is obligated to defend Coltec and Zurich has refused to acknowledge the existence of its policies. This provides more than an adequate basis for a determination that Zurich has anticipatorily repudiated its policy obligations to Coltec. Furthermore, in *Bituminous*

5

the court explicitly held that the insurer's statement that its policy did not provide coverage for the insured's liability amounted to an anticipatory breach of the policy justifying the policyholder's declaratory judgment action. *Bituminoius* at 273 Ill. App. 3d 923, 930-32, 652 N.E. 2d 1192, 1197-98 (1st. Dist. 1995). Moreover, Illinois law does not permit Zurich to defer its duty to defend indefinitely while it "investigates' the underlying claims against its insured. Zurich's duty to defend the asbestos claims is determined at the outset of the underlying litigation from the face of the complaint, not after some indefinite investigation. *See Cincinnati Cos v. West Am. Ins. Co.*, 183 Ill. 2d 317, 329-30, 701 N.E. 2d 499, 505 (1998). It is undisputed that Zurich has been involved in reviewing Coltec's claims for months and has only offered to "participate" in Coltec's defense for a fraction of the claims. Thus, it can be concluded that Coltec has set forth sufficient facts to support its claim for anticipatory breach of contract.

## CONCLUSION

For the reasons set forth above Zurich's motion to dismiss plaintiff's complaint is hereby denied (#5-1).

**SO ORDERED**  ENTERED: 8/25/00

*Ronald A. Guzman*
HON. RONALD A. GUZMAN
United States Judge

6